

Albert S. Watkins, LC
Admitted: Missouri, Illinois, Washington, D.C.
Direct Extension: 241
E-mail: albertswatkins@kwklaw.net

p: 314-727-9111
f: 314-727-9110
a: 7733 Forsyth Blvd., Suite 600
Saint Louis, MO 63105
w: www.kwklaw.net

February 27, 2021

Kimberly Paschall
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W., Room 4116
Washington, D.C. 20530

      Re: United States of America v. Jacob Anthony Chansley
      Case No. 21-CR-00003-RCL

Dear Ms. Paschall:

      This letter is to confirm my request for discovery in this matter. I request an opportunity to inspect or review, or receive copies of, all information included in the following:

A.    Under Rule 16(a)(1)(A), all oral, written or recorded statements or testimony made by the defendant to any law enforcement officer, informant, or other government agent or employee, including the portion of any person's written record or report which includes the substance of such statements repeated, reported or incorporated into the document.

B.    Under Rule 16(a)(1)(B), the defendant's prior criminal record, including any arrests or convictions.

C.    Under Rule 16(a)(1)(C), a copy of, or notice of and an opportunity to inspect, all books, papers, documents, photographs, tangible objects or identification of buildings or places, which are material to the preparation of a defense, or intended for use in any way by the government at trial (including direct introduction or indirect reference), or which were obtained from or belong to the defendant.

D.    Under Rule 16(a)(1)(D), the results or reports of any physical or mental examinations, scientific experiments or tests, which are either intended for use by the government at trial (through either direct introduction or indirect reference) or which are material to the preparation of a defense (this later category includes examinations or tests which were incomplete, inconclusive or not intended to be used by the government at trial).

E.    Under Rule 16(a)(1)(E), written summaries of testimony which the government intends to use under FRE Rules 702, 703, or 705, including each such witness' opinions, the basis and reasons for each such opinion, and each such witness' qualifications.

F.    All information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment, without regard to materiality, with the scope of

Brady v. Maryland, 373 U.S. 83 (1963); United States v. Bagley, 473 U.S. 667 (1985) and
Kyles v. Whitley, 514 U.S. 419 (1995), including:

1.      Any material or information which would tend to attenuate, exculpate, exonerate,
mitigate or reduce or limit the defendant's involvement in or liability for any of the
circumstances alleged in the indictment;

2.      Any material or information which affects the credibility of any government
witness or which would be of assistance in the cross-examination of any government
witness, including (a) prior criminal records (including juvenile court matters or arrests
which did not result in conviction), (b) any records and information revealing prior
misconduct or bad acts, (c) inconsistent statements, (d) self-incriminating statements,
(e) inconclusive or deceptive performance on any portion of a polygraph examination, (f)
any threats, investigations, or possible prosecutions pending or which could be brought
against the witness, (g) any supervision status, (h) any pending or potential legal
disputes with any local, state or federal government or agency, (i) information
concerning any possible motive of the witness in offering statements or testimony, (j)
information concerning any agreements, deals, promises or inducements offered,
discussed or made with a witness by any local, state or federal government employee,
without regard to whether or not such employee was authorized to offer such to the
witness, (k) sufficient identification of each occasion on which the witness has previously
testified so that defense counsel may investigate such matters and obtain transcripts if
necessary, (l) personnel and Government files concerning the witness, and (m) whether
the witness has ever had his or her credibility or reliability questions or doubted by any
court, prosecutor, or law enforcement agent;

3.      Any material or information concerning other potential witnesses whose testimony
might tend to weaken any portion of the government's case, or contradict any
government witness, or strengthen the defense case;

4.      Any material or information which might raise questions concerning (a) the
probative value of any physical evidence which the government intends to use at trial,
(b) the good faith or thoroughness of the investigation conducted by any law
enforcement personnel which contributed to this indictment, or law enforcement reliance
on unreliable informants or information; and

5.      Any statements, testimony or physical evidence concerning criminal conduct
relevant to the allegations contained in the indictment but which does not include
reference to the defendant.  For example, this would include prior statements of a
government witness in which the witness was listing persons known by him to have
committed relevant criminal acts, where such statement did not include a reference to
the defendant. As another example, this would include the recovery of photographs or
latent fingerprints from a crime scene, where such photographs did not show the
defendant or the fingerprints did not include prints of the defendant.

G.      The existence and substance of any payments, promises of immunity, leniency,
preferential treatment, or other inducements made to prospective witnesses, within the scope
of United States v. Giglio, 405 U.S. 150 (1972), including any documents which reflect, or

information concerning, any agreement with the witness, any conduct requirements or performance expectation of a witness, any payment promised to or made to the witness, any requests by the witness for payment, or any items submitted by the witness for payment, and the dates, times and amounts of any payments or promises given.

H.     Any record of prior conviction of any alleged informant who will testify for the government at trial. Such information is of course impeachment for any government witness, and thus your production in response to this section should not be confined to persons whose testimony arose from confidential or undercover activities, but would include the prior record of any government witness.

I.     If a line-up, show-up, photo spread or similar procedure was used in attempting to identify the defendant, the exact procedure and participants shall be described and the results, together with any pictures and photographs. Identification requests which did not result in the identification of the defendant are of course Brady and possible impeachment and thus would be included in your response.

J.     If any vehicle, vessel or aircraft was allegedly utilized in the commission of any offenses charged, an opportunity for myself and/or any expert selected by the defense to inspect it, if it is in the custody of any government authority. Identification of any vehicle described as being involved in the commission of the offense and as being owned by or in the control of the defendant should also be disclosed as Brady and possible impeachment.

K.     Copies of any latent fingerprints, or prints of any type, and any reports concerning those prints. Of course, any latent fingerprints identified as not being those of the defendant should also be provided as Brady and possible impeachment.

L.     Any intention by the government to introduce evidence in its case in chief at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence, including a description of such proposed evidence to a degree which fairly apprises the defendant of its general nature and which is sufficiently clear so as to permit pretrial resolution of the issue of its admissibility. United States v. Barnes, 49 F.3d 1144, 1148-1149 (6th Cir. 1995); United States v. Lampley, 68 F. 3d 1296 (11th Cir. 1995).

M.     Information concerning whether or not the defendant was an "aggrieved person" as defined in 18 U.S.C. 2510(11).

N.     Notice, pursuant to F.R.Cr.P. 12(d), complete notice of all evidence which the government intends to use at trial of this matter which was obtained as a result of a search, seizure, electronic or video interception, or statement of the defendant, so that I may timely determine whether such evidence is subject to a motion to suppress.

O.     I further request that you arrange for the transcription of the grand jury testimony of all witnesses who will testify in the government's case in chief, if subject to Fed.R.Cr.P. 26.2 and 18 U.S.C. 3500. Of course, statements discoverable under Brady and Jencks include all relevant prior statements of a witness, including trial or pretrial testimony and reports which include verbatim descriptions of the witness or which have been adopted by the witness.

P.   I further request early production of "Jencks Act Statements," in order to avoid delay or necessity for a continuance during trial. Please inform me as to when this material will be available.

Q.   I further request that you advise all government agents and officers involved in the case to preserve all rough notes.  Those notes should thus be provided to us, through copies or opportunity for inspection, if they contain any of the information or material mentioned above or Jencks material discoverable under paragraph 2(A) of the Standing Discovery Order.

R.   Copy of all writings , images, recordings, notes and evidence of any nature used, garnered, amassed , published and distributed and disseminated in any form in connection with and preparation for and consideration for use in connection with the 2021 impeachment of former president trump, including transcripts of same.

S.   Video and Audio recordings relating to the circumstances surrounding January 6 2021 appearance at the Capitol building by defendant and others.

T.   A copy of all emails, writings of any kind from the public and all sources relating to circumstances of January 6 2021 at the US Capitol Building.

U.   All videos created by the Government, including the legislative branch, depicting any part or all of the events of January 6, 2021 at the US Capitol Building.

V.   All recordings, reports and calls from anyone volunteering information to law enforcement about the events of January 6 2021 at the US Capitol.

W.   All statements and recordings procured by law enforcement regarding the events of January 6, 2021.

X.   Contact information for all who provided information to the government regarding the events of January 6, 2021 and the investigations resulting therefrom.

Y.   All bases for assertion that Defendant was violent.

Z.   Any and all evidence of every and any nature depicting or evidencing violence by defendant on January 6, 2021.

AA.  All statements procured from Former Vice President Pence regarding the events of January 6, 2021.

BB.  All statements procured from any U.S. Senator regarding the events of January 6, 2021.

CC.  All statements procured from any U.S. Representative regarding the events of January 6, 2021.

DD.  All statements procured from any witnesses regarding the events of January 6, 2021.

EE.  Transcripts generated of words spoken by Former President Donald Trump on January 6, 2021.

FF.  Transcripts generated of words spoken by Rudolph Giuliani on January 6, 2021.

GG.  Transcripts generated of words spoken by Roger Stone on January 6, 2021.

HH.  Any and all Statements procured by law enforcement from Former President Donald Trump.

II.  Any and all Statements procured by law enforcement from Former White House Chief of Staff Mark Meadows.

JJ.  Any and all meme regarding the Executive Office of the United States President.

KK.  Any timelines constructed by the Government leading up to, the day of and the day after the events of January 6, 2021.

LL.  Any Social Media "grabs", "screen shots", and Social Media "posts"  procured by the Government related to the events of January 6, 2021 and the investigation arising therefrom.

MM. Any and all Crime Lab Reports prepared in connection with the events of January 6, 2021, the investigation arising therefrom and the above-styled cause.

Finally, I ask that you continue to supplement any response to these requests, as required by F.R.Cr.P. 16(c).

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

*/s/ Albert S. Watkins*

ASW/rbt                                Albert S. Watkins, L.C.