UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**JACOB ANTHONY CHANSLEY**,<br><br>*Defendant*. | Case No. 21-cr-3 (RCL) |

## ORDER

Having found reasonable cause to believe that a competency examination of defendant Jacob Anthony Chansley is warranted, the Court hereby **ORDERS** that a psychological examination be conducted. *See* 18 U.S.C. § 4241(a)–(b).

Accordingly, it is hereby **ORDERED** that the defendant be committed to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4247(b) for a period not to exceed thirty (30) days for placement in a suitable facility for a competency examination. The examination shall be conducted by a licensed or certified psychiatrist and/or psychologist, or more than one such examiner. A report shall be prepared by the examiner and shall be filed under seal with the Court with copies provided to counsel for the defendant and to the attorney for the Government. The report shall include:

(1) The defendant's history and any present mental-health symptoms relevant to his legal competency;
(2) A description of the psychiatric, psychological, and medical tests that were employed and their results;
(3) The examiner's findings;
(4) The examiner's opinions as to diagnosis and prognosis; and

    (5) Whether the defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

It is further **ORDERED** that the United States Marshal shall transport the defendant to a designated facility for the examination.

It is further **ORDERED** that until such time as the defendant is found competent to stand trial, any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant" will be excluded pursuant to 18 U.S.C. § 3161(h)(1)(A) in computing time for all purposes and calculations under the Speedy Trial Act.

It is further **ORDERED** that, pursuant to 18 U.S.C. § 3161(h)(1)(F), ten (10) days' delay resulting from the defendant's transportation to and from the facility for purposes of the competency evaluation will be excluded from the time within which his trial must commence. Any delay resulting from the defendant's transportation between this district and the suitable facility for his examination in excess of ten (10) days is presumptively unreasonable and not excluded under the Speedy Trial Act. Accordingly, the Court requests that the United States Marshals Service makes every effort to transfer the defendant promptly and directly to and from the suitable facility, without intermediate stops or holdovers.

It is further **ORDERED** that ten (10) days from the date of this Order and every ten (10) days thereafter, the Government shall provide a status report addressing: (a) The status of the defendant's placement at a suitable facility for the competency evaluation; and (b) his transportation to that facility by the United States Marshals Service.

It is **SO ORDERED**.

Date: May 21, 2021

_____
Hon. Royce C. Lamberth
United States District Judge

2