IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | |
| JACOB CHANSLEY, ) | |
| ) | Cause No.: 1:21-cr-00003 |
| Defendant ) | |
| ) | |

## DEFENDANT'S MOTION FOR BILL OF PARTICULARS

COMES NOW Defendant, Jacob A. Chansley, by and through his counsel, and moves this court, pursuant to R.C.M. 906(b)(6) and the Fifth, Sixth and Eighth Amendments to the United States Constitution to direct the Government to file a Bill of Particulars in the subject case on the ground that it is necessary for him to understand the charges against him so that he may adequately prepare his defense and not be subjected to unfair surprise at trial.

## BURDEN OF PERSUASION AND BURDEN OF PROOF

As the moving party, the Defense has the burden of persuasion. R.C.M. 905(c)(2). The burden of proof is by a preponderance of the evidence. R.C.M. 905(c)(1). FACTS 3.

## WITNESSES/EVIDENCE

The Defense does not request any witnesses be produced for this motion. The Defense respectfully requests this court to consider the Indictment filed herein, a true and correct copy of which is attached hereto, incorporated herein by reference, and marked Exhibit A.

## LEGAL AUTHORITY AND ARGUMENT

Chansley's Motion for a Bill of Particulars is timely. Chansley seeks a Bill of Particulars under Rule 7(f) of the Federal Rules of Criminal Procedure. Under Rule 7(f), a "defendant may

1

move for a Bill of Particulars before or within 14 days after arraignment or at a later time if the court permits." (emphasis added).

The Government's discovery production in the present is understood to remain incomplete.

Chansley has been confined in solitary confinement since January 9, 2021. COVID-19 protocols have affected his confinement and has limited temporal availability to meet with counsel.

Institutional protocols relating to COVID and confinement have limited the Defense counsel's access to Defendant for meaningful discovery review.

Interstate travel required for access to Chansley has similarly been adversely affected by COVID-19 related protocols.

The mental health of Chansley has similarly adversely affected the meaningful nature of his defense counsel's interaction with Chansley.

The scope of discovery possessed by the Government which arguably is germane and material to the present case is otherworldly in scope, size, and nature, the lion's share of which is understood to not have been disclosed herein.

The purposes of a Bill of Particulars are to inform the accused of the nature of the charge with sufficient precision to enable the accused to prepare for trial, to avoid or minimize the danger of surprise at the time of the trial and to enable the accused to plead the acquittal or conviction in bar of another prosecution for the same offense when the specification itself is too vague and indefinite for such purposes.

Rule 7(f) of the Federal Rules of Criminal Procedure sets out standards. See <u>Wong Tai v. United States</u>, 273 U.S. 77, 80-81, 82 (1927); <u>United States v. Rosa</u>, 891 F.2d 1063, 1066 (3d

Cir. 1989) (explaining that the drafters of Rule 7(f) intended to "encourage a more liberal attitude by the courts toward bills of particulars") (internal quotations omitted); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987); *United States v. Birmley*, 529 F.2d 103 (6th Cir. 1976); see also *Coffin v. United States*, 156 U.S. 432 (1895) ("It is always open to the defendant to move the judge before whom trial is had to order the prosecuting attorney to give a more particular description, in the nature of a specification or Bill of Particulars, of the acts on which he intends to rely, and to suspend the trial until this can be done; and such an order will be made whenever it appears to be necessary to enable the defendant to meet the charge against him, or to avoid the danger of injustice.") (internal citations omitted); *United States v. Miller*, 543 F.2d 1221 (8th Cir. 1976), cert. denied, 429 U.S. 1108 (1977). 7

While a Bill of Particulars should not be used to conduct discovery of the Government's theory of the case, it can be used to find out "what the Government claims." Id. In other words, a Bill of Particulars may be used to clarify the specific theory upon which the Government intends to rely. Id. Therefore, defense counsel may always use a Bill of Particulars to challenge an uncertain or vague specification. *United States v. Alef*, 3 M.J. 414, 419 n.18 (C.M.A. 1977); *United States v. Saintaude*, 56 M.J. 888, 889 n.2 (A.C.C.A. 2002). Or, put in another way, a "general averment of criminal conduct" is "always subject to a motion for further particularization." Newman, 25 M.J. at 606 (citing *United States v. Williams*, 3 31 C.M.R. 269, 271 (C.M.A. 1962)); see *United States v. Paulk*, 32 C.M.R. 456, 458 (C.M.A. 1963) (explaining that "the purpose of a Bill of Particulars is to narrow the scope of the pleadings").

With respect to a Bill of Particulars, the following traditional test provides further guidance to determine sufficient specificity: Not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and

3

sufficiently apprises the defendant of what he must be prepared to meet; and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. <u>United States v. Schwarz</u>, 15 M.J. 109, 111 (C.M.A. 1983) (quoting United States v. Sell, 11 C.M.R. 202, 206 (C.M.A. 1953)); see <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974).

Finally, "a request for a Bill of Particulars has constitutional implications, as it is intended to avoid unfair vagueness in a charge and potential consequent due process and double jeopardy violations." <u>United States v. Harris</u>, 52 M.J. 665, 667 (A. Ct. Crim. App. 2000).

The Defendant herein has made good faith efforts to broach with the Government the issues raised herein, to no avail.

The specific issues comprising this Bill of Particulars are neither complicated nor beyond the immediate scope of the Government's knowledge for equally immediate disclosure.

## **COUNT ONE**

In Count One of the Indictment herein, Chansley is charged with obstructing, impeding and interfering with a law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder obstructed, delayed or adversely affected the conduct and performance of a federally protected function.

Discovery herein, in large part, is comprised of video depicting Chansley leading up, in, and outside of the Capitol Building on January 6, 2021. The video depicts Chansley interacting with a number of law enforcement officers.

Defendant is unable to guess or surmise with certainty which law enforcement officer is the one referred to in Count One.

Chansley, by and through his counsel, issued a letter to the Government's AUSA on 06-21-2021 requesting the name, rank and serial number of the law enforcement officer referred to in Count One. No response was forthcoming. Chansley, by and through his counsel, issued a follow-up letter to the Government's AUSA in this regard on 06-25-2021. Again, no response was forthcoming. A true and correct copy of the correspondence referenced in this paragraph are attached hereto, incorporated herein by reference, and collectively marked Exhibit B.

Absent the Government being directed to identify the law enforcement officer, Chansley will be forced to waste valuable time preparing for all contingencies due to the vagueness of the charge, while the Government hones in on its single theory. See Bortnovsky, 820 F.2d at 575 (finding that the accused must not be compelled to wade through thousands of documents in an effort to locate materials essential to his defense); see also Newman, 25 M.J. at 606; Alef, 3 M.J. at 419. d.

Further as to Count One, Chansley, in the same letters reflected in Exhibit B, sought the specific "federally protected function" referenced in the Indictment. Again, no response was forthcoming from the Government. The scope of potential matters which could be the "federally protected function" to which Count One relates are too numerous to delineate.

As to Count One, Defendant seeks identification of the law enforcement officer and the federally protected function referred in Count One.

## **COUNT TWO**

In Count Two, Chansley is charged with Obstruction of an Official Proceeding under Title 18 USC Section 1512(c)(2) ("Code Section").

The Code Section prohibits the obstruction of proceedings related to the administration of justice that take place before a tribunal.

Chansley, by and through his counsel, requested the Government's AUSA confirm the specific proceedings related to eh administration of justice referenced in the Indictment. This request was set forth in correspondence dated 06-20-2021 and 06-25-2021, respectively. No response from the Government has been forthcoming.

A true and correct copy of the correspondence referenced in the immediately preceding paragraph are attached hereto, incorporated herein by reference, and marked Exhibit C.

## **COUNT SIX**

Chansley is charged in Count Six of the Indictment in the case at hand with having "willfully and knowingly paraded, demonstrated and picketed in a Capitol Building."

The Government does not state which building in the Capitol Complex is the "building" referred to in Count Six. The Capitol Complex is comprised of multiple buildings.

Further as to Count Six, the Indictment uses the conjunctive "and" rather than the disjunctive "or" between the words "unlawful parading" and "unlawful demonstrating" and "unlawful picketing."

Chansley requested the Government identify with specificity each and every act of Chansley which comprises the "parading" and "demonstrating" and "picketing." Chansley's request in this regard was set forth in a letter to the Government's AUSA dated 06-20-2021. No response was forthcoming. A second letter was issued to the Government's AUSA reiterating this request dated 06-25-2021. Again, no response was forthcoming.

A true and correct copy of the correspondence referenced in the immediately preceding paragraph are attached hereto, incorporated herein by reference, and marked Exhibit D.

Absent the relief sought herein, Mr. Chansley will not know what type of evidence to present to refute the Government's contentions at trial. See *Bortnovsky*, 820 F.2d at 575; Newman, 25 M.J. at 606;

The clarification sought by Chansley is vital to the ability of Chansley to fully and fairly be on notice of the minimum specifics corresponding to each charge sufficiently to prepare his defense thereto.

Therefore, absent the relief sought by Chansley herein, Chansley may be forced to waste valuable time preparing for all contingencies due to the vagueness of the charge, while the Government hones in on its single theory. See *Bortnovsky*, 820 F.2d at 575.

WHREEFORE, Defendant, Jacob A. Chansley, prays this Honorable Court issue an Order mandating the Government provide such particulars as requested and necessary to permit Chansley to fully and fairly prepare his defense herein.

Date:  June 29, 2021                              Respectfully Submitted,

                                                  KODNER WATKINS

                                                  By:  /s/ Albert S. Watkins
                                                       ALBERT S. WATKINS, MO#34553
                                                       1200 South Big Bend Boulevard
                                                       St. Louis, MO 63117
                                                       Phone: (314) 727-9111
                                                       Facsimile: (314) 727-9110
                                                       E-mail: albertswatkins@kwklaw.net

**CERTIFICATE OF SERVICE**

Signature above is also certification that on June 29, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to all parties of record.