IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | |
| JACOB CHANSLEY, ) | |
| ) | Cause No.: 1:21-cr-00003 |
| Defendant ) | |
| ) | |

# DEFENDANT'S BIFURCATED MOTION TO COMPEL

## INTRODUCTION

This Motion to Compel is bifurcated, being comprised first of general blanket requests and, second, of specific requests targeting matters uniquely associated with the present case.

## GENERAL BLANKET REQUESTS

Mr. Chansley moves for the production by the Government of the following discovery. This request is not limited to those items known to the Government, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989):

A. Mr. Chansley is Entitled to Discovery of His Statements. Pursuant to Rule 16(a)(1)(A), <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and the Fifth and Sixth Amendments to the United States Constitution, Mr. Chansley requests disclosure of any statements, whether oral, written, or recorded made by him which are in the possession, custody, or control of the Government, or which by the exercise of due diligence may become known to the Government, regardless of to whom made. This includes the substance of any statements made by Mr. Chansley which the Government intends to offer in evidence at trial.

1

B. Mr. Chansley also specifically requests that all arrest reports which relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, recordings (audio or visual), reports, transcripts or other documents in which statements and/or images of Mr. Chansley are contained. It also includes the substance of any oral statements which the Government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland*, 373 U.S. 83 (1963). See also *United States v. Johnson*, 525 F.2d 999 (2d Cir. 1975); *United States v. Lewis*, 511 F.2d 798 (D.C. Cir. 1975); *United States v. Pilnick*, 267 F. Supp. 791 (S.D.N.Y. 1967); *Loux v. United States*, 389 F.2d 911 (9th Cir.), cert. denied, 393 U.S. 867 (1968).

C. Mr. Chansley also requests any response to any Miranda warnings which may have been given to him, on the date of his arrest. See *United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982).

D. Prior Convictions or Prior Similar Acts. Rule 16(a)(1)(B) of the Fed. R. Crim. P., provides that "upon request of the defendant, the Government shall furnish to the defendant such copy of his prior criminal record, if any, as is within the possession, custody, or control of the Government . . . ." Mr. Chansley, therefore, requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B).

E. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609; Mr. Chansley also requests the Government be ordered to provide discovery of any prior similar acts which the Government intends to introduce into evidence pursuant to Fed. R. Evid. 404(b).

F. The Defendant must have access to this information in order to make appropriate motions to exclude the use of such evidence at trial. See *United States v. Cook*, 608 F.2d 1175 (9th Cir. 1979), cert. denied, 444 U.S. 1034 (1980).

G. Mr. Chansley requests a pre-trial conference prior to trial in order to resolve any issues raised by the Government's intention of introducing evidence pursuant to Fed. R. Evid. 404 and 609.

H. Mr. Chansley is Entitled to Examine the Evidence the Government Intends to Rely Upon at Trial. Rule 16(a)(1)(C) authorizes a defendant to inspect and copy or photograph all books, papers, documents, photographs, and tangible objects which are in the possession, custody or control of the Government and which are material to the preparation of the defense or intended for use by the Government as evidence in its case during trial.

I. Specifically, Mr. Chansley requests the opportunity to inspect and photograph or otherwise duplicate all evidence seized from Mr. Chansley (including specifically his flagpole, finial, flag, and attire on or possessed by the Defendant during the events of January 6, 2021), all fingerprint analysis done on any of the evidence in this case, all identification procedures utilized by the Government agents.

J. The defense requests all evidence seized as a result of any search, either warrantless or with a warrant, in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C); and any

books, papers, documents, photographs, tangible objects, or copies or portions thereof which the Government intends to use as evidence-in-chief at trial.

K. Mr. Chansley requests all arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Chansley. These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I).

L. The Defendant specifically requests that all dispatch tapes or any other audio or visual tape and digital video recordings which exist and which relate in any way to his case and or his arrest be preserved and provided in their entirety.

M. Mr. Chansley requests all other documents and tangible objects, including clothing, notes, books, papers, documents, photographs, and copies of any such items which were obtained from or belong to Mr. Chansley.

N. The defense requests all photographs, video tapes or other material used to memorialize the surveillance done in this case.

O. Mr. Chansley is Entitled To All Evidence Tending To Affect The Credibility of The Prosecution's Case.

P. Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972), Mr. Chansley requests the Court to order the Government to immediately disclose all evidence in its possession favorable to Mr. Chansley on the issue of guilt and which tends to affect the credibility of any part or all of the prosecution's case. This request specifically includes any impeaching evidence such as the prior records, of any material witnesses in this case. This request also includes any expressed or implied promises made by the Government to

any material witnesses in exchange for their testimony in this case. See, e.g., <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>Napue v. Illinois</u>, 360 U.S. 264 (1959); <u>United States v. Gerard</u>, 491 F.2d 1300 (9th Cir. 1974). The defense requests any and all evidence including but not limited to: any evidence that any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir.), cert. denied, 489 U.S. 1032 (1988); <u>United States v. Brumel-Alvarez</u>, 991 F.2d 1452 (9th Cir. 1992); any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence and Brady; any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985); any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980); the name and last known address of each prospective Government witness. See <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview Government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. (1979) (defense has equal right to talk to witnesses). The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof)

who will not be called as a Government witness. *United States v. Cadet*, 727 F.2d, 1453 (9th Cir. 1984); the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

Q. Mr. Chansley is Entitled to Any Information That May Result in a Lower Sentence Under The Guidelines. This information is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

R. The Defense Requests the Preservation of All Evidence. The defendant specifically requests that all audio or video tapes such as dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relate to the arrest or the events leading to the arrest in this case or in the other charges alleged in the Indictment be preserved. This request includes, but is not limited to, any samples (including but not limited to blood, urine, fingerprints or narcotics) used to run any scientific tests, any narcotics, and any evidence seized from any third party. It is requested that the Government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to

determine if such evidence exists, and if it does exist to inform those parties to preserve any such evidence.

S. The Defense Requests All Jencks Material. The defense requests all material to which Defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including audio and visual tape recordings, such as dispatch tapes, and all notes or reports with regard to his preparation for testifying. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient. All report or notes to qualify as a statement under § 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

T. Mr. Chansley requests all other information relevant to his defense. The defendant requests disclosure of evidence including but not limited to the following: (1) Any statement that may be "relevant to any possible defense or contention" that he might assert. *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982).

U. Notice and a Written Summary of Any Expert Testimony. Under Rule 16(a)(1)(E), effective December 1, 1993, "[a]t the defendant's request, the Government shall disclose to the defendant a written summary of testimony the Government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness' opinions, the basis and the reasons therefore, and the witness' qualifications."

V. Mr. Chansley specifically requests the Government give him a written summary and notice of any expert testimony the Government intends to introduce.

W. Giglio Information. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises express or implied made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses; and Henthorn Search. The defense requests that the prosecutor or some other attorney familiar with the case be ordered to examine the personnel files for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory to Mr. Chansley and that material be provided to the defense. <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Dominguez-Villa</u>, 954 F.2d 562 (9th Cir. 1992). (5) Reports of Scientific Tests or Examinations Pursuant to Fed. R. Crim. P. 16(D).

X. Mr. Chansley requests the reports of all tests and examinations conducted upon the evidence and Defendant in this case, including but not limited to any fingerprint testing done upon any evidence seized in this case.

Y. Brady Material The Defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the Defendant on the issue of guilt and/or which affects the credibility of the Government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

Z. Personnel Records of Government Officers Involved in the Arrest The defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the

investigation, arrest and interrogation of him, pursuant to *Pitchess v. Superior Court*, 11 Cal.3d 531, 539 (1974).

## MOTION TO PRESERVE EVIDENCE

AA. Mr. Chansley requests that the Government preserve all physical evidence that may be destroyed, lost or otherwise put out of the possession, custody, or care of the Government and which relates to the alleged offenses, investigation, arrest and the events leading to the arrest in this case.

## SPECIFIC REQUESTS

1. **REPOSITORY ACCESS AND MATERIALITY DETERMINATION PROTOCOL DISCLOSURE.**

During the course of the present case, the Government has produced discovery sporadically. As part of this process, the Government sought and procured a Protective Order with respect to the Discovery. The Government has indicated it will timely produce all "material" discovery. The events of January 6, 2021 were memorialized to an extent rarely, if ever, experienced within the context of federal criminal cases. The Government itself has a wealth of surveillance video footage. Virtually every attendee in and around the Capitol on January 6, 2021 personally chronicled the events using their iPhone or other similar video device. Many of the attendees posted their video on one or more social media platforms. Many held their videos close to their vests resulting in little if any publication of same. News media outlets from around the world captured video footage. Independent media representative from around the world captured video footage. Intelligence and law enforcement personnel present at the Capitol on January 6, 2021 also

captured video footage of events of the day. By the Government's own admission, the Government has an overwhelming amount of video footage of the events of January 6, 2021. During the handlings of January 6 cases, the Government has garnered and continues to garner access to added video footage from, among other sources, the general public and the defendants themselves. Upon information and belief, the Government is not capable of vetting, cataloging and determining materiality of the video footage such as to ensure that disclosure of same is timely made in all cases to which the footage is material for disclosure purposes. The "information and belief" in this regard is a function of the undersigned counsel's personal knowledge relative to footage given to the Government, familiarity with other January 6 cases both as counsel for other January 6 defendants and as counsel familiar with other counsel representing January 6 defendants and the understanding that the footage provided to the Government does not appear to have been produced to other defendants whose cases warrant similar disclosure by the Government of material evidence.  Defendant has requested the Government confirm whether there is a single repository for all video footage amassed relative to the events at the Capitol on January 6, 2021 and, further, has requested access to same for inspection and examination for determination of materiality and disclosure of the Government's protocol to determine materiality.  A true and correct copy of the correspondence issued by counsel for the Defendant to the AUSA assigned to this matter requesting same is attached herein, incorporated herein, and marked Exhibit A.

2. **<u>FLAGPOLE, FINIAL, FLAG AND ATTIRE OF DEFENDANT</u>**

Much ado has been made by the Government of the flagpole, finial and flag (collectively "Accessories") toted about by the Defendant on January 6, 2021. The Government has

been in possession of the Accessories since January 9, 2021, being the date on which Defendant provided same to the Government (also being the day on which the Defendant peacefully and voluntarily surrendered to the FBI in connection with the present matter). The Government has not produced the Accessories or otherwise made them available for inspection and examination by the Defendant, this despite Defendant's counsel requesting same. A true and correct of Defendant's counsel's request in this regard is attached hereto, incorporated herein by reference, and marked Exhibit B. As noted in Exhibit B, the Defendant has also sought access to the attire donned by the Defendant on January 6, 2021 (also in the possession of the Government since January 9, 2021)("Attire"). The Defendant seeks access to the Attire and Accessories for examination, photography and inspection.

3. **EVIDENCE OF DEFENDANT "FORCING" HIS WAY INTO THE CAPITOL**

Count Four of the Indictment herein alleges Mr. Chansley "forced" his way into the Capitol on January 6, 2021. Defendant has not identified any evidence disclosed by the Government to date which supports the allegation that Mr. Chansley "forced" his way into the Capitol on January 6, 2021. Counsel for Defendant formally requested same by means of correspondence directed to the AUSA assigned to the present matter. No response has been forthcoming. A true and correct copy of the correspondence issued to the AUSA is attached hereto, incorporated herein by reference, and marked Exhibit C. The Defendant seeks all evidence possessed by the Government relating to, arising out, and touching upon the allegation set forth in Count Four of the Indictment herein that Defendant "forced" his way into the Capitol on January 6, 2021.

4. **VICE-PRESIDENT MOVEMENT LOG**

The term "Restricted Building" ("RB") is used in multiple counts set forth in the Indictment herein. The U.S. Code defines RB. As a matter of public record, it is known that every movement of the Vice-President of the United States of America is chronologically logged, setting forth dates, times, and locations of movement of a sitting Vice-President. It is also understood as a matter of public record that this logging process is created in "real time". It is understood as a matter of public record this log is maintained by the U.S. Secret Service. As a matter of public record the Government has confirmed that on January 6, 2021, the then sitting Vice-President, was removed from the U.S. Capitol to other buildings in the Capitol Complex. The exact time and location of movement of the Vice-President on January 6, 2021 is vital to the defense of the Defendant herein. Defendant, by and through his counsel, has requested the Government, by and through its AUSA, provide Defendant with a copy of the U.S. Secret Service logs maintained to memorialize the movement of then Vice-President Pence on January 6, 2021 from 1100 hours (Eastern) to 1600 hours (Eastern). A true and correct copy of the prior request of the Defendant in this regard is attached hereto, incorporated herein by reference and marked Exhibit D. No response has been forthcoming from the Government. The Defendant seeks a copy of the U.S. Secret Service log maintained to memorialize the movement of the then Vice-President on January 6, 2021 from 1100 hours to 1600 hours (Eastern).

5. **ACCESS TO CAPITOL FOR INSPECTION, EXAMINATION AND PHOTOGRAPHY OF BREAK ROOM AND SENATE CHAMBER & SURVEILLANCE VIDEO FOOTAGE FROM BREAK ROOM**

Defendant's counsel took the Government's Capitol Tour accorded defense counsel for January 6 defendants on Memorial Day, 2021. Defendant's counsel attempted to follow the Government's protocol to garner access to certain areas of the Capitol to which access was not accorded as part of the original tour. Unfortunately, at the conclusion of the original tour, there was no representative of the Government who was aware of the protocol or knew what to do. In response, shortly thereafter, Defendant's counsel contacted the Government's AUSA assigned to this matter to advise of the foregoing and specifically request access to the break room in the Capitol and the Senate Chamber (entry and Vice-President desk)("Added Areas"), both of which are germane and material to the present case. In turn, the AUSA forwarded by request to a third-party who advised she would commence looking into Defendant's counsel's request. A true and correct copy of the email chain by and between Defendant's counsel, the AUSA and third-party government personnel is attached hereto, incorporated herein by reference, and marked Exhibit E. No plans have been made or otherwise communicated by the Government to Defendant's counsel to accord Defendant's counsel access to the Added Areas for inspection, examination and photographing. The Defendant seeks access to the Added Areas. Concurrently, and as part of the same request, Defendant's counsel sought from the Government's AUSA a copy of the surveillance video taken from the break room in the Capitol, surveillance video footage which is understood to exist such as to depict the Defendant during his brief interaction with the muffin thief on January 6, 2021. Thus, Defendant also seeks the break room video footage reflected in a public sign which was visible from the accessible area of the original tour but which was hanging in a restricted/non-accessible part of the original tour.

6. **REPSONSE TO REQUEST FOR STIPULATION OF TRANSCRIPT OF TRUMP SPEECH AT ELLIPSE OR GRANTING OF JUDICIAL NOTICE THEREFORE**

The words of former President Trump are material to the gravamen of the Defendant's defense herein. The Defendant's counsel requested of the Government, by and through its AUSA assigned to this case, that the Government stipulate to the accuracy of the transcript of the speech of then President Trump at the Ellipse in Washington, DC on January 6, 2021 ("President's Speech"), which appears as an exhibit to the Government Report titled "Examining the U.S. Capitol Attack" ("Government Report"), being a report widely published and circulated by the Government. No response to this request was forthcoming. A true and correct copy of the correspondence issued in this regard to the Government's AUSA is attached hereto, incorporated herein by reference, and marked Exhibit F. A copy of the transcript of the President's Speech as made a part of the Government's Report is attached hereto, incorporated herein by reference, and marked Exhibit G. Further, Defendant seeks to garner judicial notice of the Government's Report and its contents. Defendant seeks to compel the Government to stipulate to the transcript of the President's Speech or, in the alternative, for judicial notice to be taken of the accuracy of the transcript of the President's Speech as it appears as part of the Government's Report.

### MR. CHANSLEY REQUESTS LEAVE TO FILE FURTHER MOTIONS

BB. It is also requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that the court grant the above motions.

Date:  July 6, 2021				Respectfully Submitted,

						KODNER WATKINS

						By: /s/ Albert S. Watkins
						   ALBERT S. WATKINS, MO#34553
						   1200 South Big Bend Boulevard
						   St. Louis, MO 63117
						   Phone: (314) 727-9111
						   Facsimile: (314) 727-9110
						   E-mail: albertswatkins@kwklaw.net

## **CERTIFICATE OF SERVICE**

Signature above is also certification that on July 6, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to all parties of record.