UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-003 (RCL) |
| v. | : | |
| | : | |
| JACOB CHANSLEY, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR BILL OF PARTICULARS

Defendant Jacob Chansley moves under Federal Rule of Criminal Procedure 7(f) for a bill

of particulars. *See* Defendant's Motion For Bill of Particulars ECF No. 55 (hereinafter "Def.

Mot."). The defendant now claims that this Court should grant his motion for bill of particulars,

*inter alia*, because of the defense has not received the entirety of the "discovery possessed by the

Government which arguably is germane and material to the present case," which is "otherworldly

ins cope, size, and nature." Def. Mot., at 2. The defendant's arguments lack merit and are not

supported by the facts of this case. Whether a bill of particulars is appropriate lies within this

Court's "sound discretion." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation

omitted). Exercising that discretion, the Court should deny the motion.

## FACTUAL BACKGROUND

For his conduct on January 6, 2021, defendant Foy is now charged by Indictment with: (1)

Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); (2) Obstruction of an Official Proceeding, in

violation of 18 U.S.C. §§ 1512(c)(2) and 2; (3) Knowingly Entering or Remaining in any Restricted

Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (4) Disorderly and Disruptive

Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); (5) Violent Entry and

Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(A), and; (6)

Parading, Demonstrating or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

For the sake of brevity, the United States will not fully restate the evidence outlined in its prior pleadings and two detention hearings before this Court. A few points herein bear emphasis, however. In numerous prior filings and hearings, the government outlined in particular details the defendant's actions taken in contravention of law enforcement officers who were protecting the U.S. Capitol, elected representatives, their staffs, the Vice-President of the United States, their families, and our Democracy on January 6, 2021. The defendant unlawfully entered the U.S. Capitol building with a dangerous weapon, paraded that weapon on to the Senate floor, where he left a threatening note for the Vice President of the United States, and defied repeated attempts of law enforcement to restore order to the seat of our Democracy.

## **LEGAL ANALYSIS**

The indictment and discovery for this case provide adequate notice to the defendant concerning the alleged crimes in the indictment. Of note, the government has provided and the defense has reviewed substantial discovery to date. See ECF No. 38-1. As the Court is now aware from recent notices of filing by the government and two detention hearings before the Court, the defendant now has received a substantial amount of Capitol CCTV videos, Senate floor videos, police body worn camera videos, social media returns, downloaded copies of all items from his cellphone, and many other items to prepare for trial in this matter. Notably, the government even sought early permission of this Court to disclose 6(e) materials, to include the grand jury transcripts and exhibits used in the indictment of this defendant. Accordingly, a bill of particulars is unwarranted in this matter.

A bill of particulars "ensure[s] that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). Importantly, a bill of particulars is not required, however, if the indictment "is sufficiently specific, or if the requested information is available in some other form." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial"). A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same).

More broadly, the purpose of a bill of particulars is to outline the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense. *See United States v. Esquivel*, 755 F. Supp. 434, 436 (D.D.C. 1990). "It is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial." *Overton v. United States*, 403 F.2d 444, 446 (5th Cir. 1968); *see also United*

*States v. Torres*, 901 F.2d 205, 234 (2nd Cir.) ("[a]cquisition of evidentiary detail is not a function of a bill of particulars"), *cert. denied*, 498 U.S. 906 (1990); *United States v. Armocida*, 515 F.2d 49, 54 (3rd Cir.) (bill of particulars is not intended as a vehicle for "wholesale discovery of the Government's evidence"), *cert. denied*, 423 U.S. 858 (1975). A bill of particulars is also not designed to force the government to reveal a theory of its case that the defendant could then use to limit the government's presentation of its case at trial. *United States v. Torres, supra*, 901 F.2d at 234; *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir.), *cert. denied*, 449 U.S. 1015 (1980). The defendant's constitutional right underlying a bill of particulars is to know the offense with which he or she is charged, not to know the details of how it will be proved. *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981), *cert. denied*, 455 U.S. 1021 (1982). Simply put, at this time the defendant request for bill of particulars has been fully met by the government. Therefore, the defendant's motion lacks any new facts nor cites any legal principles to support his arguments. As such, the defendant's motion is misplaced and should be denied.

Applying the above-mentioned principles outlined *supra*, judges of this Court have consistently denied motions for a bill of particulars where, as here, the motion seeks details about the nature of the government's evidence. Thus, for example, in *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017), the Court denied a motion for a bill of particulars requesting information about the basis for fraud and tax charges against the defendant, including the precise representations allegedly made by the defendant and the amount of taxes allegedly owed. The Court explained that the requested information had already been provided to the defendant in discovery and elsewhere, and a "bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case." *Id.*

Similarly, in *Brodie*, the court denied a motion for a bill of particulars requesting "the circumstances surrounding the alleged acts" of fraud committed by the defendants as well as "other evidentiary details." 326 F. Supp. 2d at 92. The court reasoned that the charges set forth in the indictment were "detailed and alleged with particularity" and "the discovery provided by the government has been voluminous," and therefore there was "no reason for any further particularization of the overt acts." *Id.*

Finally, in *Sanford Ltd.*, the court denied a motion for a bill of particulars regarding the "substance, time, place and date" of allegations regarding falsification of records and other charges against a corporate defendant. 841 F. Supp. 2d at 315. The court explained that "the general rule in conspiracy cases is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars." *Id.* at 317 (internal quotation marks and citation omitted). Accordingly, the court denied the defendant's request for information about the identities of its employees alleged to have participated in the conspiracy and other details about the overt acts charged in the indictment. *Id.* at 317-18.[1]

The same result is appropriate here for three reasons. First, the indictment provides sufficient details outlining the allegations against the defendant. Those detailed charges amply "define[] each defendant's role . . . in a manner sufficient to avoid surprise and permit defendants to permit defendants to prepare a defense." *United States v. Pollack*, 534 F.2d 964, 970 (D.C. Cir. 1976). Further, if "the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *See Butler*, 822 F.2d at

---

1 For additional authority in this Court, see, e.g., *United States v. Saffarinia*, 422 F. Supp. 3d 269, 277 (D.D.C. 2019) ("Given the substantial discovery here, the Court therefore finds that Mr. Saffarinia is not entitled to a bill of particulars to prepare his defense and to avoid any surprises at trial."); *United States, v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (bill of particulars not required in narcotics trafficking conspiracy where indictment is sufficient and discovery is voluminous).

1193. In particular, the government has provided abundant information through its discovery, and various filings and in two detention hearings before the Court. *See* ECF No. 38-1.  In that regard, the defendant has received a substantial amount of body-worn camera videos, other videos, surveillance video, download copies of all items from his cellphone, and many other items to prepare for trial in this matter.

Finally, Rule 7(f) does not entitle the defendant to the granular information he seeks. For example, the defendant requests that the government identify "with specificity each and every act of Chansley (sic) which comprises the 'parading' and 'demonstrating' and 'picketing'." Def. Mot., at 6. Significantly, not only can the defendant, through his own investigation and review of the government's discovery materials and numerous videos showing the defendant's unlawful actions inside the Capitol, he is not entitled to detailed information as to how the government intends to prove its case. *See Sanford Ltd.*, 841 F. Supp. 2d 309 at 315-16. A bill of particulars, in short, is not a weapon that enables the defendant to "force the government to reveal all its evidence before trial." *United States v. Taylor*, 17 F. Supp. 3d 162, 178 (E.D.N.Y. 2014). Simply put, the defendant can view the numerous videos of the defendant and his actions at the time of his unlawful actions at the Capitol.

## **CONCLUSION**

For all these reasons, the defendant's motion for a bill of particulars should be denied.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:        /s/

KIMBERLY  L. PASCHALL
Assistant United States Attorney
D.C. Bar 1015665
U.S. Attorney's Office
555 4th Street, N.W., Room 4116
Washington, D.C. 20530
202-252-2650
Kimberly.Paschall@usdoj.gov