**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-cr-0003 (RCL)** |
| | ) | |
| **JACOB CHANSLEY** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**DEFENDANT JACOB CHANSLEY'S RULE 41(g) MOTION**
**FOR RETURN OF SEIZED PROPERTY**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

NOW comes Defendant Jacob Chansley by and through his undersigned counsel of record, William L. Shipley, and moves this Honorable Court to issue and order directing the United States' Government to return property seized from Mr. Chansley.

On March 28, 2023, Mr. Chansley was released from the custody of the Bureau of Prisons, FCI Safford, and sent to a halfway house near his home in Phoenix, Arizona.  Six days later, Mr. Chansley was directed by his Probation Officer to move to his mother's house, where he has resided for more than one year.

On numerous occasions during the past 14 months, the undersigned and family of Mr. Chansley have made attempts to obtain the return of property that was seized via a search warrant issued in connection with his arrest and prosecution.

On February 27, 2023, undersigned counsel was told by then Government counsel, AUSA Kimberly Paschall, that the FBI was instructed that it could release the property.  Further, on February 8, 2023, Ms. Paschall informed undersigned the agent handling the property had been working for some time with Mr. Chansley's mother, Martha Chansley, to coordinate the return of the property which was stored by the FBI in its Phoenix Field Office.

On April 28, 2023, undersigned was informed by Mr. Chansley the FBI still had not returned the property in question despite many requests made to the FBI Field Office in Phoenix that it do so.  Undersigned reached out to FBI Special Agent Ben Fulp who informed undersigned that the United States Attorney General's Office has instructed him that he was no longer authorized

to release Mr. Chansley's property due to the filing of a petition for relief under

28 U.S.C. Sec. 2255, and any further information would need to come from

AUSA Paschall.

    After the denial of that petition by this Court, several more attempts have

been made to arrange for return of the property given that the stated reason for

needing to retain the property was no longer relevant.

    On November 30, 2023, the following message was received via email by

the undersigned from the FBI SA Fulp:

> I was told that evidence items seized related to January
> 6th are being retained at the moment due to ongoing civil
> litigation and cannot be released until the statute of
> limitations has expired.

    Undersigned counsel is not aware of any pending civil litigation involving

Mr. Chansley, and has no information about what statute of limitations might

still exist as to any such potential claims.

    The Government has been in possession of Mr. Chansley's property since

his arrest, and at various times has expressed an intention to return that

property.  Now, based on potential civil litigation – there is none currently

pending in this District involving Mr. Chansley – the Government is refusing to

return property seized and held as relevant only to a criminal case that is now

closed and final.

**ARGUMENT**

A person may move for the return of property seized by the government that has not yet been returned, pursuant to Fed.R.Crim.P.41(e) which provides:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property _or by the deprivation of property_ may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Generally, a Rule 41(g) motion is brought in connection with a criminal proceeding in which the property was seized for use or consideration as evidence. See Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993).

Where the motion is made post-trial, and the property in question is not needed for evidentiary purposes, the movant is presumed to have a right to its return. United States v. Martinson, 809 F.2d 1367, 1369 (9th Cir. 1987). Thus, the government bears the burden of demonstrating that it has a legitimate reason to retain the property. Id.

Venue for Mr. Chansley's motion is complicated by the 2002 amendments to the Rules of Criminal Procedure that added Rule 41(b)(3), allowing the Government to seek and obtain a search warrant for property located outside the district where the property is located when the search is part of an investigation into domestic or international terrorism. In this case, the warrant was issued by a Magistrate Judge in the District of Columbia for a residence located in the District of Arizona.

But the language of Rule 41(g) was not altered, and it remains "The motion [for return of property] must be filed in the district where the property was seized."  The natural reading of this sentence would be to interpret "where" as a geographical term, i.e., the District of Arizona in this case.  The problem for a defendant such as Mr. Chansley is that there is no matter pending in the District of Arizona and no Order ever issued from that district with regard to the seizure of his property.

An textual reading of the Rule could be that the word "where" is a reference to the court where the Government obtained the authority to seize the property for purposes of a criminal investigation and prosecution.  Under this reading, "where" would be read to refer to the District Court for the District of Columbia.  No other rule or statutory authority provides an avenue for relief for defendants such as Mr. Chansley to seek the return of property being wrongfully withheld by the Government.

The Government's refusal to return Mr. Chansley's property seized pursuant to an order of this Court, and retained still without a basis for doing so requires the intervention of this Court.

Wherefore, Defendant Chansley asks this Honorable Court to order the Department of Justice and the Federal Bureau of Investigation to return forthwith all property seized pursuant to a search warrant issued by this Court

which is still in the possession of the Government.

Dated: May 2, 2024                    Respectfully submitted,

_____
William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

Attorney for Defendant