UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | Case No. 21-cr-0003 (RCL) |
| ) | |
| **JACOB CHANSLEY** ) | |
| ) | |
| Defendant ) | |
| ) | |

# JACOB CHANSLEY'S OPPOSITION TO GOVERNMENT'S MOTION TO EXTEND RESPONSE DEADLINE

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

Attorney for Defendant

NOW comes Jacob Chansley by and through his undersigned counsel of record, William L. Shipley, and files this opposition to the Government's request for a 14-day extension of time after the United States Supreme Court issues an opinion in *United States v. Fischer* to file its response to this Court's Order to Show Cause.

Defendant Chansley was arrested on January 9, 2021, for the events at the United States Capitol Building on January 6, 2021.  *See* Minute Entry 01/09/2021.

At the same time as his arrest, a search and seizure of Mr. Chansley's property was done.

On August 3, 2021, Mr. Chansley plead guilty to a violation of 18 U.S.C. 1512 (c)(2).  *See* ECF No. 69.  On November 17, 2021, this Court entered its judgment against Defendant Chansley and sentenced him to a term of 41 months of confinement.  *See* Minute Entry 11/17/2021.

On March 28, 2023, Defendant Chansley was released from BOP custody and was sent to a half-way house.  On or about April 5, he was released from the half-way house and allowed to return to his primary residence where he lived with his mother.

Undersigned counsel filed a motion to be admitted *pro hac vice*—which this court granted and became counsel for Mr. Chansley  *See* ECF Nos. 101, 102.

Since becoming counsel of record for Mr. Chansley, undersigned along with Mr. Chansley and his family have made numerous requests to both the prosecutor and the FBI to obtain the return of Mr. Chansley's property:

April 1, 2022:
Counsel sent an email request to AUSA Paschall requesting the property be returned.

July 13, 2022:
Counsel sent an email request to AUSA Paschall again requesting the property be returned after the United State Court of Appeals for the District of Columbia issued the order dismissing Defendant Chansley's appeal.

July 28, 2022:
Counsel Attorney Shipley's office sent an email request to AUSA Paschall inquiring about the status of the property return.

January 25, 2023:
Counsel inquired again with AUSA Paschall regarding the status of the property return. This inquire came after Martha Chansley, Defendant Chansley's mother was informed **twice** the personal property was located at the FBI field office in Arizona and was told when to travel to retrieve it. Upon arrival Ms. Chansley was informed that the Arizona office did not have possession of the property and even if they did, they were not able authorized to issue its release.

February 7, 2023:
Undersigned counsel received an email from AUSA Paschall staying Defendant Chansley's property was still located in Washington D.C., and they had authorization for its release.

February 8, 2023:
Undersigned received another email from AUSA Paschall staying the Washington D.C. FBI office was in contact with Ms. Chansley via email to start the return of property.

April 28, 2023:
Counsel sent an email request to Special Agent Ben Fulp who was assisting in the property return. The same day, Agent Fulp replied that at the time the United States Attorney's Office was not authorizing the property to be returned.

October 31, 2023:
Counsels sent an email to AUSA Paschall asking if the property could be released following the denial of the 2255 petition filed by Mr. Chansley.

November 6, 2023:

      Counsel's office sent an email request Agent Fulp again requesting the return of Defendant Chansley's property.

      November 30, 2023:
Agent Fulp sent a response staying that due to ongoing civil litigation, the United States Attorney's Office was not allowing the release of the property. The nature of the "civil litigation" was not specified, nor the authority upon which the FBI could hold property involved in civil litigation since the FBI is a criminal investigative agency.

After more than 18 months of receiving promises that went unfulfilled and numerous excuses for endless delays, Defendant Chansley was left with no alternative but to file a motion pursuant to Federal Rules of Criminal Procedure 41(g) for a return of property.  *See* ECF No. 130.

Mr. Chansley's motion was filed May 2, 2024. By local rule any opposition should have been filed no later than May 22, 2024.

On May 29, 2024, with no opposition or other response having been filed by the Government, this Court issued an "Order to Show Cause" for the Government's failure to timely respond and as to why the Court should not grant Defendant Chansley's motion. The Court ordered a response to this OSC to be filed no later than June 28, 2024.  *See* ECF No. 131.

On June 20, 2024, only 8 days prior to this Court's deadline, the Government asked if Mr. Chanseley y would agree to the extension that is the subject of this motion. Counsel for Mr. Chansley noted that given the years-long history of obfuscation and non-cooperation by the Government with informal efforts to secure return of Mr. Chansley's property, he was unwilling to extend the courtesy of agreeing to the requested extension. The Government

filed the pending motion seeking an extension of time to this Court's show cause order the following day.  *See* ECF No. 134.

This Court should deny the Government's request and order to "Show Cause" response to be filed forthwith, and including the legal basis upon which it claims the authority to continue to possess Mr. Chansley's property long after Mr. Chansley's case became "final."

The Government's motion provides no statute, rule or case authority that addresses Mr. Chansley's entitlement to return of his property under Rule 41. It says only the following by way of justification for the requested extension:

> "The United States anticipates that the Supreme Court may imminently release the *Fischer* decision. This decision could impact Defendant's count of conviction and may create a situation where evidence must be preserved and Defendant tried."

*See* Id. at Pg. 2 Ln 6.

The motion states no legal basis for the suggestion that there may arise a need in the future to subject Mr. Chansley to a trial depending on the outcome of *Fischer v. United States*.

Mr. Chansley was indicted, he pled guilty pursuant to a plea agreement drafted by the Government, he was sentenced consistent with that plea agreement, and he filed no appeal – also consistent with that plea agreement. His case is "final."  Whether or not he might initiate or be entitled to any collateral relief based on the outcome of *Fischer* is a matter that rests in Mr. Chansley's hands, not the Government.

If the Government believes it has a legal basis to pursue additional charges against Mr. Chansley – after he as complied in all respects with the

requirements imposed upon him by the plea agreement he entered into with the Government -- then the Government should say so now.

The Government's request evidences a contumacious attitude towards personal property rights of individuals, the authority of this Court to supervise the Government's seizure of property pursuant to this Court's order, and its own legal and ethical obligations to not act in an arbitrary and capricious manner.

The property belongs to Mr. Chansley. Mr. Chansley seeks its return 42 months after it was seized. The Government has articulated no basis for its claimed right to continue to withhold it.

The Government has stalled the return of Mr. Chansley's property for 32 months since his sentencing. It missed the deadline to file an opposition to his motion to return, and now in the 11th hour is asking for additional time to file a response to this Court's show cause order. Based on the record of this case as a whole, this Court should:

1. Deny the Government's request for an extension of time;
2. Order the Government to respond to the Show Cause Order timely; and
3. Order Mr. Chansley's property be returned forthwith pursuant to Mr. Chanley's unopposed motion.

Dated: June 26, 2024                    Respectfully submitted,

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
Attorney for Defendant