UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) ) ) | |
| **v.** ) ) | Case No. 21-cr-0003 (RCL) |
| **JACOB CHANSLEY** ) ) | |
| **Defendant** ) ) | |

### ERRATA TO JACOB CHANSLEY'S OPPOSITION TO GOVERNMENT'S MOTION TO EXTEND RESPONSE DEADLINE

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

Attorney for Defendant

ECF No. 135 titled Jacob Chansley's Opposition to Government's Motion To Extend Response Deadline is corrected below.  The document at ECF No. 135 was a draft that was inadvertently attached rather than the edited final version of the opposition.

Dated: June 26, 2024                               Respectfully submitted,

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
Attorney for Mr. Chansley

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | Case No. 21-cr-0003 (RCL) |
| ) | |
| **JACOB CHANSLEY** ) | |
| ) | |
| Defendant ) | |
| ) | |

## JACOB CHANSLEY'S CORRECTED OPPOSITION TO GOVERNMENT'S MOTION TO EXTEND RESPONSE DEADLINE

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

Attorney for Defendant

NOW comes Jacob Chansley by and through his undersigned counsel of record, William L. Shipley, and files this opposition to the Government's request for an extension of time of 14 days after the United States Supreme Court issues an opinion in *United States v. Fischer* to file its response to this Court's Order to Show Cause.

Mr. Chansley was arrested on January 9, 2021, for his conduct inside the United States Capitol Building on January 6, 2021. *See* Minute Entry 01/09/2021. At the same time as his arrest, a search for and seizure of Mr. Chansley's property was done pursuant to a warrant issued by this Court.

On August 3, 2021, Mr. Chansley pled guilty to a violation of 18 U.S.C. Sec. 1512 (c)(2). *See* ECF No. 69. On November 17, 2021, this Court entered its judgment against Mr. Chansley and sentenced him to a term of 41 months of confinement. *See* Minute Entry 11/17/2021.

On March 28, 2023, Mr. Chansley was released from custody and transferred to a half-way house in Phoenix, Arizona.

Since becoming counsel of record for Mr. Chansley, undersigned along with Mr. Chansley and his family have made numerous requests to both the Department of Justice and the FBI to obtain the return of Mr. Chansley's property. The contacts were as follows:

April 1, 2022:

Counsel's office sent an email request to AUSA Paschall requesting the property be returned.

July 13, 2022:

Counsel's office sent an email request to AUSA Paschall again requesting the property be returned after the United States Court of Appeals for the District of Columbia issued the order dismissing Mr. Chansley's appeal.

July 28, 2022:

Counsel's office sent an email request to AUSA Paschall inquiring about the status of the property return.

January 25, 2023:

Counsel's Office inquired again with AUSA Paschall regarding the status of the property return.  This inquiry came after Mr. Chansley's mother was informed **twice** the personal property was located at the FBI field office in Arizona and was told when she could pick it up.  Each time Ms. Chansley was told upon arrival that the Phoenix FBI Office did not have possession of the property and even if they did, they were not authorized to issue its release.

February 7, 2023:

Counsel received an email from AUSA Paschall saying Mr. Chansley's property was still located in Washington D.C., and she had authorized its release.

February 8, 2023:

Undersigned received another email from AUSA Paschall saying the Washington D.C. FBI office was in contact with Ms. Chansley via email to arrange for the return of his property.

April 28, 2023:

Counsel sent an email request to Special Agent Ben Fulp who was assisting in the property return.  The same day, Agent Fulp replied that at the time the United States Attorney's Office was not authorizing the property to be returned because Mr. Chansley had filed a petition for relief under Sec. 2255.

October 31, 2023:

      Counsel sent an email to AUSA Paschall asking if the property could be released following the denial of the 2255 petition filed by Mr. Chansley.

      November 6, 2023:

      Counsel's office sent an email to Agent Fulp again requesting the return of Mr. Chansley's property.

      November 30, 2023:

      Agent Fulp sent a response saying that due to ongoing civil litigation, the United States Attorney's Office was not allowing the release of the property. The nature of the "civil litigation" was not specified, nor the authority upon which the FBI could hold property involved in civil litigation since the FBI is a criminal investigative agency.

After more than 18 months of receiving promises that went unfulfilled and numerous excuses for endless delays, Mr. Chansley was left with no alternative but to file a motion pursuant to Federal Rules of Criminal Procedure 41(g) for return of his property. *See* ECF No. 130.

Mr. Chansley's motion was filed May 2, 2024. By local rule, any opposition should have been filed no later than May 22, 2024.

On May 29, 2024, with no opposition or other response having been filed by the Government, this Court issued an "Order to Show Cause" for the Government's failure to timely respond and as to why the Court should not grant Mr. Chansley's motion. The Court ordered a response to its OSC to be filed no later than June 28, 2024. *See* ECF No. 131.

On June 20, 2024, only 8 days prior to this Court's deadline, the Government asked if Mr. Chansley would agree to an extension of time that is requested by this motion. Counsel for Mr. Chansley noted that given the

lengthy history of obfuscation and non-cooperation by the Government with informal efforts to secure the return of Mr. Chansley's property, he was unwilling to extend the courtesy of agreeing to the requested extension. The Government filed the pending motion seeking an extension of time to this Court's show cause order the following day. *See* ECF No. 134.

This Court should deny the Government's request and order to "Show Cause" response to be filed forthwith, and to include in that response the legal basis upon which it claims the authority to continue to possess Mr. Chansley's property long after Mr. Chansley's case became "final."

The Government's motion provides no statute, rule, or case authority that addresses Mr. Chansley's entitlement to return of his property under Rule 41(g). It says only the following by way of justification for the requested extension:

> "The United States anticipates that the Supreme Court may imminently release the *Fischer* decision. This decision could impact Defendant's count of conviction and may create a situation where evidence must be preserved and Defendant tried."

*See* Id. at Pg. 2 Ln 6.

The motion states no legal basis for the suggestion that there may arise a need in the future to subject Mr. Chansley to a trial depending on the outcome of *Fischer v. United States*.

Mr. Chansley was indicted, he pled guilty pursuant to a plea agreement drafted by the Government, he was sentenced consistent with that plea agreement, and he filed no appeal – also consistent with the plea agreement. His case is "final." Whether or not he might initiate or be entitled to any

collateral relief based on the outcome of *Fischer* is a matter that rests in Mr. Chansley's hands, not the Government.

If the Government believes it has a legal basis to pursue additional charges against Mr. Chansley – after he has complied in all respects with the requirements imposed upon him by the plea agreement entered into with the Government -- then the Government should say so now.

The Government's request evidences a contumacious attitude towards personal property rights of individuals, the authority of this Court to supervise the Government's seizure of property pursuant to this Court's order, and its own legal and ethical obligations to not act in an arbitrary and capricious manner.

The Government has stalled the return of Mr. Chansley's property for 32 months since his sentencing. It missed the deadline to file an opposition to his motion to return, and now makes an 11th-hour bid for additional time to file the response ordered by this Court to explain itself.

Based on the record of this case as a whole, this Court should:

1. Deny the Government's request for an extension of time;
2. Order the Government to respond to the Show Cause Order timely; and
3. Order Mr. Chansley's property be returned forthwith pursuant to Mr. Chansley's unopposed motion.

Dated: June 26, 2024                            Respectfully submitted,

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
Attorney for Mr. Chansley