UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-0003-RCL |
| | ) | |
| JAKE CHANSLEY | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT JACOB CHANSLEY'S MOTION TO MODIFY TERMS AND
CONDITIONS OF SUPERVISED RELEASE**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

Comes now Defendant Jacob Chansley, and hereby respectfully submits this Motion to Modify the Terms and Conditions of his Supervised Release.

On September 3, 2021, Mr. Chansley pled guilty to the single charge of having violated 18 U.S.C. Sec. 1512(c)(2), based upon the terms of a plea agreement with the Government. ECF Doc. No. 69.

The terms of that agreement required that Mr. Chansley stipulate to the application of U.S.S.G. Sections 2J1.2(b)(1(B) and 2J1.2(b)(2) to the charge to which he pled guilty. The two sentencing enhancements added a combined 11 levels to the Adjusted Offense Level calculation – increasing it from 14 to 25.

In *United States v. Brock*, No. 23-3045 (D.C. Cir. Mar. 1, 2024), the Circuit Court held that the enhancement under Sec. 2J1.2(b)(2) -- + 3 levels – does not apply to convictions under Sec. 1512(c)(2) arising out of the events of January 6, 2021, because "proceedings before Congress" under Sec. 1512(c)(2) do not involve the "administration of justice" as that phrase has been historically understood.

Under a parity of reasoning, the +8 level enhancement from Sec. 2J1.2(b)(1)(B) is also inapplicable, as that section also applies only to events that obstruct the "administration of justice."

Without the +11 levels, and with -2 level reduction for acceptance of responsibility, Mr. Chansley's guideline range would have been only 10-16 months. But the terms of the plea agreement required Mr. Chansley to agree that the applicable guideline range for the 1512(c)(2) charge would be at least 41-51 months. Consistent with the plea agreement, this Court sentenced Mr.

2

Chansley to 41 months in custody of the Bureau of Prisons, to be followed by 36 months of supervised release.

As of the date of his sentencing on November 17, 2021, Mr. Chansely had been detained in custody pending trial for nearly 11 months in custody – and might have been released on the day of his sentencing had the Government not demanded he stipulate that inapplicable guideline enhancements apply in his case in order to drive his Offense Level calculation – and thus his guideline range – exponentially higher.

Mr. Chansley was released from the Bureau of Prisons to a halfway house on March 28, 2023.  Mr. Chansley began his 36-month term of Supervised Release starting on May 25, 2023.  He has now served more than approximately 13 months without a reported violation.

Based on the fact that Mr. Chansley received a custodial sentence imposed on him that was four times longer – 41 months rather than as little as 10 months -- than would have been called for by the Sentencing Guidelines without the inapplicable sentencing enhancements required by his plea agreement, and given that he has successfully completed 13 months of Supervised Release without violating any term or condition imposed upon him by this Court, Mr. Chansley respectfully requests that this Court modify his Supervised Release term to a period of 36 months to only 12 months, and that he be released from the terms and conditions of Supervised Release now applicable.

Dated: July 7, 2024                    Respectfully Submitted,

_____
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

4