## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **No. 21-CR-3 (RCL)** |
| | § | |
| | § | |
| **JACOB ANTHONY CHANSLEY,** | § | |
| **AKA "JAKE ANGELI,"** | § | |
| **AKA "JACOB ANGELI,"** | § | |
| | § | |
| **Defendant.** | § | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S RULE 41(g) MOTION TO RETURN PROPERTY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this in response to Defendant's Motion for Return of Property and responds to the Court's show cause order.[1]

## I.    Background

1)    On January 11, 2021, Defendant was charged in a multicount indictment, including Obstruction of an Official Proceeding in violation of Title 18, United States Code, Section 1512(c)(2) ("Count Two").[2]

2)    Upon arrest, the Federal Bureau of Investigation ("FBI") seized the property subject to Defendant's Rule 41(g) motion. The FBI held the property as evidence and did not institute administrative proceedings.

---

[1] *See* Order to Show Cause, *United States v. Jacob Chansley* No. 1:21-cr-00003-RCL (D.D.C May 2, 2024) ECF No. 131; *see also* Motion for Return of Property, *United States v. Jacob Chansley* No. 1:21-cr-00003-RCL (D.D.C. May 2, 2024) ECF No. 130.

[2] *See* Indictment, *United States v. Jacob Chansley* No. 1:21-cr-00003-RCL (D.D.C. January 11, 2021) ECF No. 3.

3)      On September 3, 2021, Defendant pleaded guilty to Count Two[3] and was sentenced to 41 months of imprisonment, and a 36-month term of supervised release on November 17, 2021.[4] This constituted a low-end sentence of the applicable guidelines range, as determined by the Court.

4)      On April 16, 2024, the Supreme Court heard oral arguments in *Fischer v. United States*, where the question was whether the U.S. Court of Appeals for the District of Columbia Circuit erred in its construction of 18 U.S.C. § 1512(c), which prohibits obstruction of congressional inquiries and investigations.[5]

5)      On May 2, 2024, Defendant filed a motion for Return of Property pursuant to Rule 41(g).[6] The government inadvertently missed this filing and failed to respond. We apologize for this error, regardless.

6)      On May 29, 2024, this Honorable Court ordered that the government show cause within 30 days as to why Defendant's motion should not be granted.[7]

7)      On June 21, 2024, the government filed an opposed extension request to the Court's show cause order. As explained, judicial economy is served best by assessing the impact that *Fischer* will have on this and hundreds of other cases.

8)      On June 26, 2024, Defendant filed a response in opposition to the government's request.

---

[3] *See* Plea Agreement, *United States v. Jacob Chansley* No. 1:21-cr-00003-RCL (D.D.C. September 3, 2021) ECF No. 69.

[4] *See* Judgment, *United States v. Jacob Chansley* No. 1:21-cr-00003-RCL (D.D.C. November 17, 2021) ECF No. 92.

[5] *See Fischer v United States*, 603 US _ (2024).

[6] *See* Motion for Return of Property, *United States v. Jacob Chansley* No. 1:21-cr-00003-RCL (D.D.C. May 2, 2024) ECF No. 130.

[7] *See* Order to Show Cause, *United States v. Jacob Chansley* No. 1:21-cr-00003-RCL (D.D.C. May 29, 2024) ECF No. 131.

9)      On June 27, 2024, this Honorable Court granted the government's extension request to fourteen days after a decision in *Fischer*.[8]

10)     On June 28, 2024, the Supreme Court issued a decision in *Fischer v. United States*.[9]

11)     On July 7, 2024, Defendant filed a motion to modify the terms and conditions of his supervised release, to which the government will respond in a separate motion. The government does not know whether Defendant plans to file any collateral attack on his conviction in light of *Fischer.*

## II.     The United States is not required to return property held as evidence.

12)     When an agency seizes property, they may institute administrative forfeiture action pursuant to Title 19, United States Code, Section 1602 *et. sec*. Administrative forfeiture proceedings are non-judicial and are civil in nature.

13)     Title 18, United States Code, Section 983(a)(1)(A)(i) provides that, in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.[10] The deadlines in § 983(a)(1) do not apply to seizures of property to be used strictly for evidence and as to which forfeiture is not sought.

14)     Here, the property subject to the Rule 41(g) motion are held strictly for evidence, of which the Government has not sought forfeiture.

---

[8] *See* Order Granting Motion for Extension of Time, *United States v. Jacob Chansley* No. 1:21-cr-00003-RCL (D.D.C. June 27, 2024) ECF No. 137.
[9] *See Fischer v United States*, 603 US _ (2024).
[10] *See* Title 18, United States Code, Section 983(a)(1)(A)(i).

### III.    Property held as evidence in light of *Fischer*.

15)    Here, Defendant seeks the return, *inter alia*, of a spear and a helmet used to project strength during the assault on the U.S. Capitol on January 6, 2021, when Defendant was one of the first persons to occupy the building, and Defendant led chants on the floor of the U.S. Senate. The government should and must retain actual evidence of a crime where, as here, the defendant pled guilty to a crime that he may contest given the decision in *Fischer*. As this Court recalls, at sentencing, Defendant claimed ownership and repentance for his actions, stating that he took responsibility for doing so even though it incriminated him—"no ifs, ands, or buts about it."[11] Defendant further stated,

> *I am truly, truly repentant for my actions, because repentance is not just saying you're sorry. Repentance is apologizing and then moving in the exact opposite direction of the sin that you committed. And that's what I've been trying to do ever since I realized the magnitude of my error and the magnitude of my mistake.*[12]

Since then, Defendant initially appealed his conviction and sentence (which has since been withdrawn)[13] and filed a petition to set aside the conviction and sentence.[14] In other words, the government would like to ensure finality in the appellate process in this and other cases. The government's request to continue to hold the property as evidence until such finality in the criminal prosecution is assured is thus appropriate.

16)    The government also has a right to evaluate whether, under civil forfeiture procedure, such property should be forfeited to the United States. If, at any point, Defendant

---

[11] Transcript of Sentencing Hearing, *United States v. Jacob Chansley* No. 1:21-cr-00003-RCL (D.D.C. May 2, 2024) ECF No. 111 at 32: 23-33:17.

[12] Transcript of Sentencing Hearing at 34:25-35:5.

[13] *See* Notice of Appeal, *United States v. Jacob Chansley* No. 1:21-cr-00003-RCL (D.D.C. November 30, 2021) ECF No. 108.

[14] *See* Motion to Vacate, *United States v. Jacob Chansley* No. 1:21-cr-00003-RCL (D.D.C. April 27, 2023) ECF No. 117; *see also* Reply to Opposition to Vacate, *United States v. Jacob Chansley* No. 1:21-cr-00003-RCL (D.D.C. June 15, 2023) ECF No. 126.

assures the Court that there will be no further challenges to his criminal conviction, the government

requests an additional 30 days to evaluate the possibility of pursuing civil forfeiture.

WHEREFORE, the government respectfully requests that Defendant's Rule 41(g) motion

to return property be denied. A proposed order is attached.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: /s/ Rick Blaylock, Jr.
Rick Blaylock, Jr.
Assistant United States Attorney
Asset Forfeiture Coordinator
Texas Bar Number 24103294
601 D Street NW
Washington, D.C.  20530
Telephone: 202-252-6765
Email: rick.blaylock.jr@usdoj.gov

/s/ Kimberly Louise Paschall
Kimberly Louise Paschall
Assistant United States Attorney
National Security Section
D.C. Bar No. 1015665
601 D Street NW
Washington, D.C.  20530
Telephone: (202) 252-2650
Email: kimberly.paschall@usdoj.gov