IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 21-cr-003 (RCL) |
| | : | |
| v. | : | |
| | : | |
| **JACOB A. CHANSLEY,** | : | |
| also known as "Jacob Angeli" | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO MODIFY TERMS AND CONDITIONS OF SUPERVISED RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this opposition to the defendant's motion for sentence reduction, styled as defendant's Motion to Modify Terms of Supervised Release. ECF No. 138.

Citing no authority, the defendant asks that his 36-month term of probation be terminated 23 months early, due to the D.C. Circuit Court's decision in *Brock v. United States,* No. 23-3045 (D.C. Cir Mar. 1, 2024) and his completion of 13 months of supervised release without violation. ECF No. 138, at 2-3. Merely complying with the terms of his release is insufficient to warrant a sentence reduction. The defendant's motion fails to satisfy the standard for the early termination of supervised release and should be denied.

### BRIEF BACKGROUND

On January 11, 2021, the defendant was charged in a multicount indictment, including Obstruction of an Official Proceeding in violation of Title 18, United States Code, Section 1512(c)(2) ("Count Two"). See, ECF No. 3. On September 3, 2021, the defendant pled guilty to Count Two (ECF No. 69) and was sentenced to 41 months of imprisonment, and a 36-month term of supervised release on November 17, 2021. (ECF No. 92) This constituted a low-end sentence

2

of the applicable guidelines range, as determined by the Court. As part of the defendant's plea, he agreed to a variety of plea waivers, including some involving appellate rights and collateral attack. ECF No. 69, at 6-7.

Over two years later, on March 1, 2024, the D.C. Circuit ruled that certain U.S. Sentencing Guidelines (U.S.S.G.) enhancements were inapplicable in the context of §1512(c)(2) and U.S.S.G. § 2J1.2. *See United States v. Brock*, 94 F.4th 39 (D.C. Cir. 2024) (holding that the three-level sentencing enhancement for "substantial interference with the administration of justice" did not apply to the electoral college vote-counting process).

On July 8, 2024, the defendant moved the Court for termination of his term of supervised release, largely citing *Brock* as his basis for such relief. ECF No. 138. According to the defendant, had the "Government not demanded he stipulate that inapplicable guideline enhancements apply in his case in order to drive his Offense Level calculation – and thus his guideline range – exponentially higher", he would have been released earlier, and thus released from supervision earlier as well. *Id.* at 3.[1] The government opposes.

## ARGUMENT

### I. The Standard for Terminating the Defendant's Sentence of Supervised Release.

Section 3583(e)(1) of Title 18 provides that a court may, "after considering the factors set forth in Title 18 section 3553(a)…-- terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to

---

[1] The defendant's claim regarding the government's "demand" belies the record in this case, and indeed, in many January 6 prosecutions before the D.C. Circuit's *Brock* ruling. While not every judge concurred with the government's position*, see United States v. Seefried*, 639 F. Supp. 3d 8, 10 (D.D.C. 2022) (holding that Section 2J1.2 did not apply), even the Circuit recognized that several district court judges found the opposite. *See Brock*, 94 F.4th 39, at 51.

3

the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" *See United States v. Mathis-Gardner*, 783 F.3d 1286, 1287 (D.C. Cir. 2015). "Requiring consideration of the specified § 3553(a) factors is also consistent with [D.C. Circuit] precedent and Supreme Court case law interpreting 18 U.S.C. § 3582(c), a similarly worded sentence modification statute." *Mathis-Gardner,* at 1288 (citing *Freeman v. United States*, ⎯⎯ U.S. ⎯⎯, 131 S. Ct. 2685, 2691 (2011)); see also *United States v. Lafayette*, 585 F.3d 435, 440 (D.C. Cir. 2009).

"The point of a motion to modify a sentence is to review what may have changed in the intervening period." *United States v. Hartley*, 34 F.4th 919, 932, n.9 (10th Cir. 2022) (holding that a district court must make individualized determinations based on the applicable statutory criteria before responding to a request to modify a sentence); *cf. United States v. Ferrell,* 234 F. Supp. 3d 61, 63 (D.D.C. 2017) (same holding for considering early termination of probation in felony case). And although "extraordinary circumstances . . . are not necessary for such termination," they "may be sufficient to justify early termination of a term of supervised release." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020). This makes sense as the Court must reconsider many of the same § 3553(a) factors that it considered when imposing the original sentence. *See, e.g., United States v. Martin*, No. 89 CR. 405 (DNE), 1992 WL 178585, at *1 (S.D.N.Y. July 13, 1992) (denying motion for early termination of probation under 18 U.S.C. § 3564(c) where the defendant failed to offer "the existence of new circumstances that merit a modification of the original sentence"). Thus, absent a relevant change, there is no basis for the Court to reduce the sentence already imposed.

Some factors applicable to the imposition of the original sentence are excluded from

4

consideration when reviewing a motion to terminate under 18 U.S.C. § 3583(e): specifically, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. *See United States v. Harris*, 258 F. Supp. 3d 137, 144 (D.D.C. 2017). This is because supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." *Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011). As the Supreme Court explained, "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Harris,* at 144 (citing *United States v. Johnson*, 529 U.S. 53, at 59 (2000)). Pointing out that "Congress intended supervised release to assist individuals in their transition to community life," *id.,* the Court has stressed that "supervised release, unlike incarceration, provides individuals with post-confinement assistance," *id.* at 60. See also *Johnson v. United States*, 529 U.S. 694, 708–09, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) (recognizing "[t]he congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to liberty").

However, model post-incarceration conduct and unblemished compliance with the terms of supervised release, standing alone, have been found insufficient to warrant early termination of supervised release when the defendant has not "show[n] something 'of an unusual or extraordinary nature' in addition to full compliance." *United States v. Longerbeam*, 199 F. Supp. 3d 1, 2–3 (D.D.C. 2016) (holding that "while the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to "exceptionally good behavior" or "something of an unusual or extraordinary nature in addition to full compliance."); *see also Ferrell*, 234 F. Supp. 3d at 64 (finding early termination not warranted by the conduct of the defendant despite her good behavior and compliance with the terms of probation); *United States v. Mathis-Gardner*, 110 F. Supp. 3d 91, 93–94 (D.D.C. 2015)

(noting courts "have found that mere compliance with the conditions of release is not enough to merit early termination of supervised release because model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release") (quotations omitted).

In similar analysis of motions to terminate probation in the context of some January 6 prosecutions, this Court has denied motions when they are not undergirded by: 1) the interests of justice; 2) the defendant's conduct; and 3) the § 3553(a) factors. *See, e.g. United States v. Hemphill,* No. 1:21-CR-555-RCL, 2024 WL 578977, at *2 (D.D.C. Feb. 13, 2024) (Hemphill has not established her entitlement under the statutory factors); *United States v. Rader*, No. 1:22-cr-57-RCL, 2024 WL 474535 (D.D.C. Feb. 7, 2024) (same), *United States v. Pryer*, No. 1:21-CR-667-RCL-2, 2024 WL 1050638, at *4 (D.D.C. Mar. 11, 2024) (same). Other courts have also held that mere compliance with conditions of probation, for example, does not warrant early termination in this context. *See e.g.*, *United States v. Suarez*, 21-cr-205 (DLF), 11/9/23 Minute Entry ("As courts in this district have previously held, 'good behavior alone' is generally 'insufficient to warrant early termination' of probation.") (citing *United States v. Parker*, 219 F. Supp. 3d 183, 191 (D.D.C. 2016)); *see also United States v. Salazar*, 693 F. App'x 565, 566 (9th Cir. 2017) (affirming denial of motion to modify conditions of probation where "the magistrate judge applied the correct legal standard when she considered the 18 U.S.C. § 3553(a) factors and determined that Salazar's mere compliance with the conditions of probation, without more, did not warrant early termination"); *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) (stating that full compliance with probation conditions is what is expected of defendants and "[e]arly termination is not warranted where a defendant did nothing more than that which he was required to do by law.").

## II.  The Defendant Has Not Met the Standard for Early Termination of Supervised Release.

In this case, the defendant has not even argued that he meets the standard for early termination, let alone offered support for that position. Nor does an analysis of the § 3553(a) factors justify the requested sentence reduction. The defendant was one of the most identifiable figures of the riot at the U.S. Capitol Building on January 6, 2021. The defendant was at the front of the mob that breached the barricades and police lines on the west side of the Capitol before 2:00 p.m.; was one of the first 30 rioters inside the building through the broken Senate Wing Door; found his way into the Senate Chamber, where he alighted the dais where the Vice President of the United States had stood not an hour before, and left him a note stating "It's Only a Matter of Time. Justice is Coming!"; and led other rioters in a "prayer" to "send a message to all the tyrants, the communists, and the globalists, that this is our nation, not theirs" and thanking heaven for "allowing us to get rid of the communists, the globalists, and the traitors within our government." See ECF No. 81, at 5-12. All told, the defendant spent nearly an hour inside the U.S. Capitol Building in the midst of a violent and deadly riot that threatened the peaceful transition of power in our nation, and only exited after being ordered to do so by police.

The defendant invokes *Brock* as a basis for relief, noting that the Court has held that the 2J1.2(b)(2) enhancement for offense affecting the "administration of justice" should not have applied in his case, and therefore his sentence would have been lower. ECF No. 138, at 2. However, as this Court has previously noted, even in instances where subsequent appellate decisions have called into question "the alleged illegality of a sentence," such an argument in and of itself cannot overcome analysis of all three factors—the interest of justice, the conduct of the defendant, and the applicable § 3553(a) factors—in a motion to terminate. *Hemphill*, at *2.

Simply put, the defendant's motion provides no legal basis to terminate his supervised

7

release earlier. As noted in *Hemphill*, while the defendant complied with her conditions of probation, the defendant nonetheless did not advance "an argument for why early termination would accord with the § 3553 factors." *Id*. at *3. Here, the defendant has similarly not advanced such an argument. Nor could he. At sentencing, this Court took into account the defendant's history and characteristics. After sentencing, however, the defendant's alleged remorse appeared less than contrite. This Court appropriately recognized such concern. *See* ECF No. 127, at 33 ("The Court is disappointed to learn that, through his filings and public statements, Mr. Chansley has recanted the contrition displayed at his sentencing nearly two years ago. Such an about-face casts serious doubt on the veracity of any of Mr. Chansley's claims, here or elsewhere."). Outside of these facts, the defendant has not cited any changed circumstances, good conduct, or any interest of justice that militates in favor of his request.

The Court also recognizes the ultimate purpose of supervised release: providing post-confinement assistance and a pathway back to civil society. In *United States v. Alan Hostetter*, 21-cr-392-RCL, ECF No. 507 (July 18, 2024), this Court properly recognized the risks of recidivism in a different case, albeit in a different procedural posture, with a defendant who "spurr[ed] on a violent mob", "calling for the execution of public officials" in the advent of a "looming election" season. *Id.* at *4. There, the Court denied release pending appeal. Here, the defendant – considering his conduct, his threat to a former Vice President, and his behavior after sentencing – should simply remain supervised by U.S. Probation. Such treatment is both fair and in the interests of justice.

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES
                                        United States Attorney
                                        D.C. Bar No. 481052

By:   /s/ Kimberly L. Paschall
KIMBERLY L. PASCHALL
Assistant United States Attorney
National Security Section
D.C. Bar. No. 1015665
601 D Street NW
Washington, D.C. 20530
(202) 252-2650
Kimberly.Paschall@usdoj.gov